IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOGS AIRCRAFT, LLC,

    Plaintiff,

v.

Case No.:
Honorable
Magistrate

CULBERTSON AVIATION, LLC and
RAIR, LLC,

    Defendants.
_____/

GEORGE W. KELSEY (P15855)
MATTHEW T. COLEMAN (P57344)
KELSEY LAW GROUP, P.C.
49710 Tyler Road Extension
Belleville, MI 48111
Ph: (734) 973-1222
gkelsey@kelseylaw.com
mcoleman@kelseylaw.com
Attorneys for Plaintiff
_____/

## COMPLAINT

Plaintiff, TOGS AIRCRAFT, LLC, by and through its attorneys, KELSEY LAW GROUP, P.C., brings this action for breach of contract, unjust enrichment, fraudulent misrepresentation and innocent misrepresentation. In support of its Complaint against Defendants, CULBERTSON AVIATION, LLC and RAIR, LLC, Plaintiff, TOGS AIRCRAFT, LLC alleges and states as follows:

### JURISDICTION

1.    That this Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a), as there is a complete diversity of citizenship between the parties, and more than

Seventy-Five Thousand and 00/100 Dollars ($75,000.00) is in controversy.

## VENUE AND PERSONAL JURISDICTION

2. Venue is proper in the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b)(2) because a substantial number of the events giving rise to this Complaint occurred in this judicial district.

3. Personal jurisdiction over the Defendants is appropriate as the Defendants have had continuous and systematic business within the State of Michigan.

4. Personal jurisdiction over Defendants is appropriate as the Defendants have transacted business in the State of Michigan and engaged in conduct, the consequences of which caused a tort in the State of Michigan as alleged herein.

## PARTIES

5. At all relevant times, TOGS AIRCRAFT, LLC ("TOGS") was and is a Michigan limited liability company located in Waterford, Michigan.

6. At all relevant times, CULBERTSON AVIATION, LLC ("CULBERTSON") was and is a Mississippi limited liability company located in Brookhaven, Mississippi.

7. At all relevant times, CULBERTSON engaged in aircraft charter revenue service throughout the United States of America.

8. At all relevant times, RAIR, LLC ("RAIR") was and is a Mississippi limited liability company located in Madison, Mississippi.

9. At all relevant times, RAIR engaged in aircraft charter revenue service throughout the United States of America.

## FACTS

10. CULBERTSON owns a certain British Aerospace BAE125 aircraft registered as N52SM ("N52SM") with the Federal Aviation Administration (FAA). (Exhibit 1).

11. CULBERTSON owns a certain British Aerospace BAE125 aircraft registered as N850JA with the Federal Aviation Administration (FAA). (Exhibit 2).

12. At all relevant times, RAIR managed and operated N52SM and N850JA on behalf of CULBERTSON.

13. The claims by Plaintiff against Defendants arise from their failure and refusal to pay Invoice 6386 (Exhibit 3) and Invoice 6388 (Exhibit 4) submitted to Defendants for services performed by TOGS to N52SM and N850JA.

14. That since the services were performed to N52SM and N850JA, Defendants have failed and refused to pay the balance due of Eighty Thousand Seven Hundred Eighty-Two and 90/100 Dollars ($80,782.90) for N52SM and Four Thousand Eight Hundred Five and 66/100 Dollars ($4,805.66) for N850JA, despite repeated demands from TOGS.

## COUNT I
## BREACH OF CONTRACT

Plaintiff for its claim for relief in Count I states as follows:

15. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 14 as if fully set forth herein.

16. Defendants, by and through their agents, requested that Plaintiff performed services to N52SM and N850JA on open account.

17. Plaintiff agreed to perform services for Defendants to N52SM and N850JA on open account.

18. The Defendants have failed and refused to pay for all of the services performed to N52SM and N850JA by Plaintiff on open account.

19. Defendants' failure and refusal to pay for the services performed to N52SM and N850JA by Plaintiff constitutes a material breach of the contract.

20. That upon Defendants continued failure and refusal to pay for the services rendered, Plaintiff filed Mechanic's Liens in Oakland County, Michigan on February 28, 2017, for Eighty Thousand Seven Hundred Eighty-Two and 90/100 Dollars ($80,782.90) (Exhibit 5) and Four Thousand Eight Hundred Five and 66/100 Dollars ($4,805.66) (Exhibit 6). Both liens have been filed and accepted by the Federal Aviation Administration (FAA).

21. That the Mechanic's Liens remain unpaid as of the filing of this Complaint.

22. As a result of Defendants' material breach of contract, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests judgment in its favor and against Defendants in the sum of Eighty-Five Thousand Five Hundred Eighty-Eight and 56/100 Dollars ($85,588.56) plus costs, reasonable attorney fees, pre-judgment interest, post-judgment interest and for all other just and proper relief in the premises.

## COUNT II
## UNJUST ENRICHMENT

Plaintiff for its claim for relief in Count II states as follows:

23. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. As a result of Plaintiff performing maintenance services to N52SM and N850JA, Defendants were able to secure the documentation required by the Federal Aviation Administration (FAA) to keep the aircraft operating in charter revenue service, earning income for

Defendants.

25. Defendants have been unjustly enriched by being able to operate N52SM and N850JA in charter revenue service only because of the services performed by Plaintiff, which services have not been paid for by Defendants.

26. It would be unlawful to allow Defendants to have benefited from the maintenance services performed to N52SM and N850JA by Plaintiff without paying for them.

**WHEREFORE**, Plaintiff requests judgment in its favor and against Defendants in the sum of Eighty-Five Thousand Five Hundred Eighty-Eight and 56/100 Dollars ($85,588.56) plus costs, reasonable attorney fees, pre-judgment interest, post-judgment interest and for all other just and proper relief in the premises.

## COUNT III
## FRAUDULENT MISREPRESENTATION

Plaintiff for its claim for relief in Count III states as follows:

27. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. Defendants, by and through their agents, intentionally made false representations of material facts to Plaintiff regarding their intention to pay for the services reflected on Invoice 6386 (Exhibit 3) and Invoice 6388 (Exhibit 4).

29. Defendants' representations were false when they were made to Plaintiff.

30. Defendants knew that their representations were false when they were made, or Defendants made them recklessly, without knowing whether they were true.

31. Defendants intended that Plaintiff would rely on the representations.

32. In in providing the maintenance services, Plaintiff rightfully relied on Defendants' representations that the services to N52SM and N850JA reflected on Invoice 6386 (Exhibit 3) and

5

Invoice 6388 (Exhibit 4) would be paid by Defendants.

33. Defendants' representations were made intentionally and maliciously and have caused Plaintiff to suffer humiliation, outrage and/or indignation.

34. As a result of Defendants' fraudulent misrepresentations, Plaintiff has suffered substantial economic losses.

35. That Plaintiff has discovered multiple liens have been filed against aircraft owned and/or operated by Defendants by other maintenance providers who also performed services for Defendants, but were not paid for such services.

**WHEREFORE**, Plaintiff requests judgment in its favor and against Defendants in the sum of Eighty-Five Thousand Five Hundred Eighty-Eight and 56/100 Dollars ($85,588.56) plus costs, reasonable attorney fees, pre-judgment interest, post-judgment interest, exemplary damages, punitive damages, treble damages and all other just and proper relief in the premises.

## COUNT IV
## INNOCENT MISREPRESENTATION

Plaintiff for its claim for relief in Count IV states as follows:

36. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 35 as if fully set forth herein.

37. Defendants' representations, as set forth in the preceding paragraphs, were made in connection with the making of a contract between Plaintiff and Defendants.

38. Plaintiff would not have entered into the contract to perform services if the Defendants had not made the representations.

39. Plaintiff suffered substantial economic losses as a result of entering into the contract, and its losses benefited Defendants.

**WHEREFORE**, Plaintiff requests judgment in its favor and against Defendants in the sum of Eighty-Five Thousand Five Hundred Eighty-Eight and 56/100 Dollars ($85,588.56) plus costs, reasonable attorney fees, pre-judgment interest, post-judgment interest, exemplary damages, punitive damages, treble damages and all other just and proper relief in the premises.

Respectfully submitted,

**KELSEY LAW GROUP, P.C.**

Dated: July 16, 2021        By:   /s/ George W. Kelsey
GEORGE W. KELSEY (P15855)
MATTHEW T. COLEMAN (P57344)
49710 Tyler Road Extension
Belleville, MI 48111
Ph: (734) 973-1222
gkelsey@kelseylaw.com
mcoleman@kelseylaw.com
Attorneys for Plaintiff